**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**DIANE SPORTIELLO,**

        **Plaintiff,**

**-vs-**                                        **Case No. 6:10-cv-1604-Orl-22DAB**

**ROOMS TO GO, INC.,**

        **Defendant.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION: AMENDED MOTION TO INTERVENE AND SUBSTITUTE PARTY (Doc. No. 26)**
>
> **FILED:** November 15, 2011
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED and that the case be dismissed, without prejudice**.

Attorney Eric D. Frommer files the instant motion, on behalf of "Plaintiff-Intervenor, Michael Bakst ("Trustee") Trustee of the Bankruptcy Estate of Diane Sportiello." As noted in a prior Order (Doc. No. 25), the Complaint in this matter was filed on October 28, 2010,[1] by Mr. Frommer, as "Attorney for Plaintiff," identified in the Complaint as Diane Sportiello (herein "Plaintiff") (Doc. No. 1). Although Plaintiff had filed a Chapter 7 Petition in May 2010 and Frommer was appointed by the

---

[1] The docket erroneously lists the date of filing as October 28, 2009. The Complaint itself, however, makes clear that the Complaint was actually filed in 2010. The Clerk is **directed** to correct this error in the docket.

Bankruptcy Court to handle this matter on behalf of the bankruptcy estate on October 12, 2010, he nonetheless filed the Complaint in Plaintiff's name and continued to prosecute this case on her behalf. Despite the pendency of the bankruptcy case, Frommer filed a November 4, 2010 Notice on behalf of Plaintiff, in which he represented that this matter "is not related to any pending or closed civil or criminal case filed with this Court, or any other Federal or State Court, or administrative agency" (Doc. No. 3). In addition to failing to disclose the bankruptcy case, Frommer made a separate filing in response to the Court's Interested Persons Order (Doc. No. 2), in which he failed to list the Bankruptcy Trustee as a party with an interest in this case (Doc. No. 4). Although Frommer eventually amended this certificate months later, to note the Trustee as an interested party (Doc. No. 13), he continued to appear in this matter solely on behalf of his identified client: Diane Sportiello.

On September 9, 2011, the undersigned ordered Plaintiff to show cause why her case should not be dismissed for lack of standing, in light of the bankruptcy petition (Doc. No. 18). Plaintiff responded to the show cause Order (Doc. No. 20), noting:

> This matter became an asset of the bankruptcy estate and while the bankruptcy debtor/Plaintiff was granted a discharge, the trustee in the case has not abandoned the claim or assigned the claim back to the bankruptcy debtor/Plaintiff.

*Id.*

Acknowledging that Plaintiff had no standing to prosecute the claim, Plaintiff, through Frommer, filed a motion for substitution, seeking to withdraw as plaintiff and substitute "Michael Bakst, as Trustee in Bankruptcy for Diane Sportiello and not individually." (Doc. No. 19). Noting that "Plaintiff does not indicate that the Trustee intends to pursue her claims," the Court denied the motion for substitution, and ordered that "[t]he Trustee must file a motion to intervene and seek leave to file an amended complaint on or before November 1, 2011 or the Court will dismiss the case without further notice for lack of standing." (Doc. No. 22). A copy of the Order was mailed directly to the Trustee.

-2-

On October 24, 2011, a motion to intervene was filed by Frommer on behalf of "Plaintiff-Intervenor, Michael Bakst (Trustee) Trustee of the Bankruptcy Estate of Diane Sportiello(Plaintiff/Debtor)" (Doc. No. 23). In that filing, Frommer noted:

> While the named Plaintiff/Debtor undoubtedly has been represented by her own counsel in this cause, the interests of Trustee are not necessarily identical to the Plaintiff/Debtor. Unless the Trustee can pursue his interest independent of the Plaintiff, counsel for the named Plaintiff cannot adequately protect and represent the interests of both Plaintiff and Trustee. Moreover, the objectives of the Plaintiff and the Trustee are not identical. Judicial economy, the public interest, interest of creditors and the estate, the costs of litigation, and the desire to settle are not the same for the Plaintiff and Trustee.

(Doc. No. 23 at 3-4). Finding that Frommer's assertion of a conflict between his two clients prohibited the dual representation, the Court denied the motion to intervene, "without prejudice to renewal by the Trustee, upon the appearance of appropriate, conflict-free counsel authorized to appear on its behalf and in this Court, and subsequent to the good faith conference with defense counsel required by the local rule." (Doc. No. 25). The Court extended the deadline to file the renewed motion to November 14, 2011. *Id.* No such motion was timely filed.

The instant motion, filed a day *after* the deadline, is brought by the same counsel and purports to be unopposed. The Court **recommends** that the motion be denied, and the complaint be dismissed, for lack of standing.

The Court granted leave to renew the motion, until November 14, 2011. As noted, the motion was not filed until November 15. No leave to further extend was sought or granted, and no explanation for the late filing (or even acknowledgment of same) has been offered. As no timely motion was filed consistent with prior Order, and all admit that Plaintiff has no standing to bring this

action, it is **respectfully recommended** that the motion be denied, as untimely, and the Complaint be dismissed, for lack of standing.[2]

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 17, 2011.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy

---

[2] Should the Court be inclined to consider the merits of the motion, it should still be denied. Regardless of whether the Trustee seeks intervention as of right, under Federal Rule 24(a), or permissive intervention under Federal Rule 24(b), a *timely* motion is required. *See also Georgia v. U.S. Army Corps of Engineers,* 302 F.3d 1242, 1250 (11th Cir. 2002) ("Before a party can intervene as a matter of right, it must timely move to intervene.") The standards for analyzing the timeliness of an application for intervention are set forth in *Stallworth v. Monsanto*, 558 F.2d 257 (5th Cir.1977). The court considers: (1) the length of time during which the intervenor actually knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene; (2) the extent of the prejudice that the existing parties to the litigation may suffer as a result of the would be intervenor's failure to apply for intervention as soon as he actually knew or reasonably should have known of his interest in the case; (3) the extent of the prejudice that the would be intervenor may suffer if his petition for leave to intervene is denied; (4) the existence of unusual circumstances militating either for or against a determination that the application is timely. *Id., see also Reeves v. Wilkes,* 754 F.2d 965, 968 -969 (11th Cir. 1985). Here, without question, the Trustee knew of his interest from the very beginning of the case, yet his counsel failed to even acknowledge that interest and, indeed, actively disclaimed it by failing to note the Trustee as an Interested Person or the bankruptcy as a related case. Even after filing an Amended Certificate of Interested Persons six months later (Doc. No. 13), the Trustee continued to sleep on his rights and failed to move to intervene until a year after the complaint was filed, and then, only after the Court issued its show cause order. As for the second factor, even though the motion is represented to be unopposed, the Court notes that the time for filing amended pleadings has since passed and the Trustee's failure to assert his interest at the onset has already caused delay and difficulties. *See, e.g., Doc. No. 21.* As for prejudice to the Trustee, there is no showing that he could not file a complaint in his own right. As the Trustee knew that the claim belonged to the estate, but allowed his counsel to file it and prosecute it as if it was the claim of Plaintiff, any harm from denial of the motion is not "prejudicial" but a result of his own litigation choices. Finally, the totality of the circumstances here indicate that the Trustee is uninvolved with the prosecution of this case, and apparently uninterested. Having allowed his counsel to file the claim of the estate in the form of a suit brought by the debtor, having done nothing to timely correct the false representations counsel made to the Court that there was no other Interested Party and no related case, and having failed to meet the Court's deadline for filing the instant motion, the Court concludes that circumstances militate against a finding that intervention here is timely sought.