**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DIANE SPORTIELLO,**

              **Plaintiff,**

**-vs-**                                                  **Case No. 6:10-cv-1604-Orl-22DAB**

**ROOMS TO GO, INC.,**

              **Defendant.**
_____

## ORDER

This cause comes before the Court for consideration of United States Magistrate Judge David A. Baker's November 17, 2011 Report and Recommendation ("R & R") (Doc. No. 29); Plaintiff Diane Sportiello's Response and Objections to Judge Baker's R & R (Doc. No. 30); and Michael Bakst's Motion to Intervene as Trustee of the Bankruptcy Estate of Plaintiff Diane Sportiello (Doc. No. 31).

### I. PROCEDURAL HISTORY

On October 28, 2010, Diane Sportiello filed the Complaint in this matter pursuant to the Americans with Disabilities Act, the Florida Civil Rights Act of 1992 and the Equal Protection Clause of the Fourteenth Amendment, following her termination from Rooms to Go in March 2009. (Doc. No. 1.) On September 9, 2011, Judge Baker issued, *sua sponte*, an Order to Show Cause why Plaintiff's Complaint should not be dismissed for lack of standing in light of Plaintiff's filing of a

bankruptcy petition and the Trustee's failure to pursue the action.[1] (Doc. No. 18.) *See Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004) ("Generally speaking, a pre-petition cause of action is the property of the Chapter 7 bankruptcy estate, and only the trustee in bankruptcy has standing to pursue it.").

In response to the Order to Show Cause, Plaintiff acknowledged that she lacked standing. (Doc. No. 20.) On the same day, Plaintiff, through Mr. Frommer, filed a Motion for Substitution of Plaintiff to withdraw Ms. Sportiello as Plaintiff and substitute "Michael Bakst, as Trustee in Bankruptcy for Diane Sportiello." (Doc. No. 19.) On October 14, 2011, the undersigned judge denied the motion to substitute because Plaintiff did not indicate that the Trustee intended to pursue Plaintiff's claims. (Doc. No. 22.) The Court also ordered the Trustee to file a motion to intervene and seek leave to file an amended complaint on or before November 1, 2011; the Court directed the Clerk to mail a copy of the Order directly to the Trustee, Michael Bakst. (*Id.*)

On October 24, 2011, Mr. Frommer filed a Motion to Intervene on behalf of "Plaintiff-Intervenor, Michael Bakst (Trustee)." (Doc. No. 23.) When arguing that the Trustee would suffer prejudice if not permitted to intervene because of the diverging interests held by Plaintiff and the Trustee, Mr. Frommer acknowledged that his appearance on behalf of both Plaintiff and the Trustee would prevent him from adequately representing both clients.[2] (Doc. No. 25.) In light of Mr.

---

[1] Initially, counsel for the Plaintiff did not recognize the Trustee as an Interested Person or the bankruptcy as a related case. (Doc. Nos. 3 & 4.) Plaintiff noted the Trustee as an Interested Person six months after filing the Complaint in an Amended Certificate, but did not file a notice listing Plaintiff's bankruptcy petition as a related case until November 15, 2011. (Doc. No. 13.)

[2] Specifically, the motion stated as follows: "While the named Plaintiff/Debtor undoubtedly has been represented by her own counsel in this cause, the interests of Trustee are not necessarily identical to the Plaintiff/Debtor. Unless the Trustee can pursue his interest independent of the

Frommer's stated concerns about the apparent conflict of interest arising from his representation of Plaintiff and the Trustee, Judge Baker denied the motion to intervene "without prejudice to renewal by the Trustee, upon the appearance of appropriate, conflict-free counsel." (Doc. No. 25.) Judge Baker extended the deadline for the Trustee to file such a motion until November 14, 2011. (*Id.*)

On November 15, 2011, the Trustee filed an "Unopposed Amended Motion to Intervene and Substitute Party" through Mr. Frommer. (Doc. No. 26.) In the amended motion, Mr. Frommer again asserted that the cause of action belonged to the Trustee, but that "counsel for the named Plaintiff [could not] adequately protect and represent the interests of both Plaintiff and Trustee." (Doc. No. 26 p. 4.) Judge Baker recommended that the amended motion be denied based on the Trustee's failure to file a motion to intervene through conflict-free counsel by November 14th, where "[n]o leave to further extend was sought or granted, and no explanation for the late filing (or even acknowledgment of the same) has been offered." (Doc. No. 29.) Because Plaintiff admitted that she lacked standing, Judge Baker recommended that the complaint be dismissed. (Doc. No. 29.) Additionally, Judge Baker noted that were the court to consider the merits of the motion to intervene, it should be denied for failure to demonstrate timeliness as required by Rules 24(a) and (b). (Doc. No. 29 p. 4 n.2.) On December 1, 2011, Plaintiff filed a "Response and Objections to the R & R."[3] (Doc. No. 30.) The same day, the Trustee filed a Motion to Intervene through "conflict-free" counsel. (Doc. No. 31.)

## II. REPORT AND RECOMMENDATION

### A. Standard of Review

---

Plaintiff, *counsel for the named Plaintiff cannot adequately protect and represent the interests of both Plaintiff and Trustee*. (Doc. No. 23 p. 3) (emphasis added).

[3]Mr. Frommer filed the Response and Objections as counsel for Plaintiff. (Doc. No. 30.)

-3-

Pursuant to Rule 72(b)(3), the Court reviews de novo any part of a magistrate judge's R & R to which a party objects. A de novo determination requires the district judge to consider factual issues on the record independent of the magistrate judge's R & R. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). The judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b).

**B. Analysis**

After an independent de novo review of the record in this matter, including the objections filed by Plaintiff, the Court agrees entirely with the findings of fact and conclusions of law in Judge Baker's R & R.

As to her first objection, Plaintiff contends that the parties did not consent "to proceed before a Magistrate Judge." (Doc. No. 30.) However, Judge Baker did not enter a judgment, but recommended a disposition pursuant to § 636(b)(1)(B). Therefore, the parties' consent was not required. *See Jeffrey S.*, 896 F.2d at 511-12.

As to her second objection, Plaintiff asserts that at the time of filing her "Response and Objections" on December 1, 2011, the Trustee had "obtained conflict-free counsel and [would] be filing a Motion to Intervene."[4] (Doc. No. 30 p. 2.) Plaintiff then addresses the merits of the Trustee's entitlement to intervention as a matter of right pursuant to Rule 24(a)(2). Though denominated an "objection," Plaintiff does not contest Judge Baker's denial of the motion to intervene based on its untimeliness. Nor does Plaintiff explain why the Trustee did not obtain conflict-free counsel by

---

[4]As discussed in Part.III., the Trustee filed a Motion to Intervene through conflict-free counsel on the same day. (Doc. Nos. 30 & 31.)

November 14, 2011 in order to file a timely motion to intervene. On de novo review, the Court agrees with Judge Baker that as a result of the Trustee's failure to file a timely motion through conflict-free counsel by November 14, 2011, the motion should be denied and the Complaint dismissed for lack of standing.

### III. THE TRUSTEE'S MOTION TO INTERVENE

On December 1, 2011, the Trustee filed a motion to intervene as a matter of right, or in the alternative, a motion for permissive intervention, through conflict-free counsel.[5] (Doc. No. 31.) However, in light of the court-imposed deadline of November 14, 2011, the motion is untimely and will be denied on this basis.

In reaching this conclusion, the Court also notes that the Bankruptcy Court appointed Mr. Frommer as special counsel to Plaintiff on October 12, 2010 to pursue Plaintiff's wrongful termination claim on behalf of the bankruptcy estate.[6] Thus, the Trustee knowingly allowed Plaintiff's claim to proceed for over a year without asserting his rights. As previously set forth in this Order, the Trustee then failed to file a timely motion to intervene through appropriate counsel despite multiple extensions of court-imposed deadlines. Once imposed, the Court's "[d]eadlines are not meant to be aspirational." *See Young v. City of Palm Bay,* 358 F.3d 859, 864 (11th Cir. 2004).

### IV. CONCLUSION

Based on the foregoing, it is **ORDERED** as follows:

---

[5]Counsel for the Trustee certified that she failed to complete a meaningful conversation with counsel for Defendant as required by Local Rule 3.01(g). (Doc. No. 31.)

[6]The Court takes judicial notice of the docket in *In re: Diane Sportiello*, Case No. 10-24041-BKC-PGH, filed in the United States Bankruptcy Court in and for the Southern District of Florida.

1. Magistrate Judge David A. Baker's November 17, 2011 Report and Recommendation (Doc. No. 29) is **ADOPTED** and **CONFIRMED** and made a part of this Order. The Complaint is **DISMISSED** without prejudice.

2. Plaintiff's Objections to the Report and Recommendation, filed on December 1, 2011 (Doc. No. 30), are **OVERRULED**.

3. Plaintiff-Intervenor Michael Bakst's Motion to Intervene, filed on December 1, 2011 (Doc. No. 31) is **DENIED**.

4. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on January 17, 2012.

Copies furnished to:

ANNE C. CONWAY
United States District Judge

Counsel of Record
Unrepresented Party